David J. McGlothlin, Esq. (SBN: 253265)
David@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
T: (619) 233-7770
F: (619) 297-1022

Attorney for Plaintiff
Christina Papazian

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christina Papazian,<br><br>                    Plaintiff,<br>v.<br><br>Midland Funding LLC and Midland Credit Management, Inc.,<br><br>                    Defendants. | Case No: '17CV1286 LAB KSC<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The United States Congress has also found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

3. Christina Papazian, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Midland Funding LLC (hereinafter referred to as "Midland Funding") and Midland Credit Management, Inc. ("hereinafter referred to as "MCM" or collectively as "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act"), the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), and the California Consumer Credit Reporting Agencies Act ("CCRAA") § 1785 *et seq*. This Court possesses supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367.

10. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California.

11. Plaintiff resides in San Diego County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

12. At the time of the substantial part of the events or omissions giving rise to the claim occurred, specifically, Defendants tried to collect the alleged debt owed, Plaintiff was physically located in the City of San Diego, County of San Diego, State of California.

13. Because Plaintiff resided in San Diego, County of San Diego at the time Defendants tried to collect on the alleged debt owed, Plaintiff still resides in San Diego, County of San Diego, venue is proper pursuant to 28 U.S.C. § 1391b(2).

14. At all times relevant, Defendant conducted business within the State of California.

## PARTIES

15. Plaintiff is a natural person who resides in the City of San Diego, State of California.
16. Midland Funding is located in the San Diego in the State of California.
17. MCM is located in the City of San Diego in the State of California.
18. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and CCRAA § 1785.3(b).
19. Plaintiff is also a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).
20. Defendant Midland Funding is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).
21. Plaintiff is informed and believes that the principal purpose of both Defendants' business is the collection of consumer debts.
22. Plaintiff is informed and believes that besides the effort to collect the alleged debt, Defendants have no anticipated future contact with the consumer and is therefore do not have any future "good will" concerns in their dealings with Plaintiff.
23. Defendant MCM is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

24. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

25. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

26. Defendant Midland Funding is also a furnisher of information as contemplated by 15 U.S.C. 1681s-2(b), that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

27. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

28. Plaintiffs are informed and believe and thereon allege that Defendant MCM was acting as an agent of Defendant Midland Funding; Therefore, Defendant Midland Funding can be held responsible and is vicariously liable for the conduct of Defendant MCM and vice versa, and Plaintiff incorporates all theories of vicarious liability within this Complaint, including, but not limited to, respondeat superior.

## FACTUAL ALLEGATIONS
## FDCPA AND ROSENTHAL VIOLATIONS

29. Sometime before February 16, 2017, Mrs. Papazian is alleged to have incurred certain financial obligations to Barclays Bank Delaware. Mrs. Papazian currently takes no position as to the validity of this alleged debt as it is irrelevant to this action.

30. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

31. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

32. Sometime thereafter, but before February 16, 2017, Mrs. Papazian allegedly fell behind in the payments allegedly owed on the alleged debt.

33. Subsequently, but before February 16, 2017, the alleged debt was assigned, placed, or otherwise transferred, to MCM and/or Midland Funding for collection.

34. On or about February 16, 2017, MCM's employee/agent "Cyrus Smith" on behalf of both Defendants telephoned Mrs. Papazian and demanded payment of the alleged debt.

35. This telephone call to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

36. This communication constitutes "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

37. During this conversation, Plaintiff indicated her desire that this debt not be placed on her credit.

38. Defendants' agent then promised Plaintiff that if she made payment arrangement on the debt, that it would not be placed on her credit.

39. Plaintiff requested that this promise be made in writing, but Defendants' agent assured Plaintiff that the call was being recorded, so there was no need to provide the agreement in writing.

40. Based on these representations, Plaintiff made payment arrangements, agreeing to pay $800 on 2/21/17, $249.48 on 3/1517, and $249.48 on 4/15/17.

41. Plaintiff timely complied with the payment arrangements.

42. Despite Plaintiff paying as agreed, the Barclays account was placed on Plaintiff's credit by Defendant's MCM's agent Defendant Midland Funding.

43. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendants violated 15 U.S.C. § 1692f.

44. Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e.

45. Through this conduct, Defendants made a false representation concerning the character, amount, or legal status of a debt.  Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A).

46. Through this conduct, Defendants threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Defendants violated 15 U.S.C. § 1692e(5).

47. Furthermore, if the call in question was not recorded and that recording maintained to verify the deal Defendants' agent negotiated with Plaintiff, then this conduct further violates the FDCPA.

48. Because Defendants' above described conduct violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

**CREDIT REPORT INACCURACIES**

49. On or about March 2015, Plaintiff learned that Defendant had incorrectly reported the alleged debt on her credit report, thereby causing erroneous and negative credit information in Plaintiff's credit files.

50. Specifically, Defendant had reported the debt as being owed by her to the credit reporting agencies ("CRAs"), with a balance owed, as well as reported that the account was past due.

51. On or about April 2017, Plaintiff disputed the account pursuant to 15 U.S.C. § 1681i(a)(2) by notifying the credit reporting agencies, Experian, Equifax and Trans Union, in writing, informing them of the incorrect entries including the fact that Plaintiff did not owe the alleged debt.

52. Subsequently Plaintiff received notification from CRA Experian that Defendant received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and updated the account being reported accurately on Plaintiff's credit report. Defendant had reported the alleged debt was owed by Plaintiff with a past due balance. Defendant also indicated the account was to remain on her credit report until 2021.

53. This information was inaccurate, as Plaintiff had made payment arrangements that were not reflected on her credit report, the balance was incorrect, and there was an agreement to not report the account at all, much less report it until 2021.

54. Plaintiff believes that Defendant Midland Funding, upon receiving notice of their alleged dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A).

55. Plaintiff believes further believe that Defendant Midland Funding failed to review all relevant information provided by Plaintiff in her dispute to CRAs as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

56. Defendant Midland Funding also failed to communicate the with their agent Defendant MCM to verify the agreement in place regarding payment arrangements and MCM's promise the debt would not be reported.

57. Due to Defendant's failure to investigate, Defendant further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing Defendant to report inaccurate information to the pertinent credit reporting agencies in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

58. Through this conduct Midland Funding violated CCRAA § 1785.25(a) by furnishing information to a consumer credit reporting agency knowing the information was inaccurate.

59. Plaintiff's continued efforts to correct Defendant's erroneous and negative reporting of the alleged debt by continued communications and disputes with Defendant and the pertinent CRAs was fruitless.

60. Defendant's continued inaccurate and negative reporting of the alleged debt in light of its knowledge of the actual error was willful.

61. Defendant's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

62. By inaccurately reporting the alleged debt after notice and confirmation of its errors, Defendant failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E)..

## DAMAGES

63. Defendant's actions also caused Plaintiff to suffer actual damages including but not limited to: decreased credit score, credit damages, loss of use of her credit.

64. Defendant's actions also caused Plaintiff to suffer emotional distress and mental anguish type damages which manifested in symptoms including but

not limited to: stress, anxiety, worry, pessimism, frustration, embarrassment, and humiliation all affecting his personal and professional relationships.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

65. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

66. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

67. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

68. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

69. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

70. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## COUNT III

### FAIR CREDIT REPORTING ACT (FCRA)

### 15 U.S.C. §§ 1681 ET SEQ.

71. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

72. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

73. As a result of each and every violation of the FCRA, Plaintiff is entitled to any actual damages sustained, statutory damages, punitive damages, and reasonable attorney's fees and costs from Defendant.

## COUNT IV

### CONSUMER CREDIT REPORTING AGENCIES ACT (CCRAA)

### (CAL. CIVIL CODE § 1785 ET SEQ.)

74. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

75. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of CCRAA § 1785.25(a).

76. As a result of each and every violation of the CCRAA, Plaintiff suffered denials of credit, worry, fear, distress, frustration, damage to reputation, embarrassment, humiliation, loss of economic opportunity and lost opportunity to obtain credit and is entitled to any actual damages sustained, statutory damages, punitive damages, and reasonable attorney's fees and costs from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each named Defendant individually;
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) against each named Defendant individually;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;
- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1);
- An award of actual damages pursuant to Cal. Civ. Code § 1785.31(a)(2);
- Award of punitive damages of $5,000 pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- Any other relief the Court deems proper.

77. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: June 23, 2017          By: */s/ David J. McGlothlin*
David McGlothlin
Attorneys for Plaintiff